IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**MIKE SANCHEZ**,

        Plaintiff,

v.

No. 07-CV-1180-BB

**WELLS FARGO BANK, N.A.,**
**CARMEN M. ALCANTAR,** and
**ISIDRO R. ALCANTAR**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss **[Doc. 5, 8]**. The Court, having considered the motions, response, replies, and relevant law, and being otherwise fully informed, finds that the motions will be **GRANTED**.

**I. Background**

Plaintiff Mike Sanchez brought the underlying §1983 suit, claiming that the garnishment of his bank account by Defendant Wells Fargo and Defendants Carmen and Isidro Alcantar violated various federal statutes and the Fourteenth Amendment. Mike Sanchez is an 88-year-old WWII veteran who depends upon federal benefits, including veteran's benefits, social security, and civil service pension funds, as his sole source of income. These funds were deposited into his Wells Fargo bank account. Upon the passing of his wife, Mr. Sanchez wanted to add his sons to his bank account. To accomplish this, Wells Fargo made Mr. Sanchez close his former bank account and open a new bank account with his sons as co-owners of the account. The Alcantars are judgment creditors of Joe Sanchez, one of the sons added to the bank account. In an attempt to collect upon their judgment the Alcantars served a Writ of Garnishment on Wells Fargo. As Joe Sanchez was a co-owner of Mike Sanchez's bank account, Wells Fargo put a hold on the contents of Mike Sanchez's bank account.

Proceedings on the garnishment began in state court. Mike Sanchez filed a Motion to Intervene in the garnishment proceedings claiming ownership of all the funds in the bank account. Mr. Sanchez additionally filed a Complaint in Intervention against Wells Fargo in the state proceedings claiming conversion, breach of fiduciary duty, negligence, and negligence per se. Wells Fargo answered this complaint, and filed a cross-claim for Interpleader. Mr. Sanchez did not answer Wells Fargo's claim for Interpleader, and approximately eight months later the state court entered an order granting Wells Fargo's Interpleader claim. In this order the state district court judge ordered that "Wells Fargo be and hereby is discharged from any liability to any of the parties, except as to the allegations pled by Mike Sanchez...in his Complaint for Intervention, which will be decided by the Court at a later date." [Order Granting Wells Fargo Counterclaim and Crossclaim for Interpleader, ¶3]. Wells Fargo subsequently deposited the funds that were in its possession with the state court. Mr. Sanchez attempted to prevent the deposit of the funds and reverse all of the state district court's decisions through a Petition for Writ of Superintending Control and Request for Stay filed with the Supreme Court of New Mexico. This petition and his motion for reconsideration were denied. The state court proceedings regarding the ownership of the contested funds remain pending in state court.

Almost immediately following the Supreme Court of New Mexico's denial of his Petition, Mr. Sanchez filed this suit in federal court. In his federal action, Mr. Sanchez claims that the funds in the bank account were not subject to garnishment. He seeks injunctive and declaratory relief as well as compensatory and punitive damages.

**II. Legal Analysis**

Defendants seek dismissal of Mr. Sanchez's federal suit both for failure to state a claim and for lack of subject matter jurisdiction. Because the Court concludes that it lacks subject matter jurisdiction over Mr. Sanchez's claim it is not necessary to reach the merits of whether he has stated a claim upon which relief can be granted. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) (finding that jurisdictional issues are antecedent to the resolution of contested questions of law); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223,

1229 (10th Cir. 2004) (noting that "a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim").

      A. Younger Abstention[1]

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). However, even when a federal district court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding that implicates important state interests. *D.L.,* 392 F.3d at 1227-28. This doctrine is known as *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37 (1971). While the *Younger* abstention doctrine originally applied to federal court injunctions of state criminal proceedings, the Supreme Court has extended the doctrine to civil proceedings where the federal court's interference would implicate the same issues of comity and federalism that initially drove the development of the *Younger* doctrine. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (noting "[t]he various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases. Rather they reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes.")

The *Younger* doctrine, as developed by the Tenth Circuit, requires that a federal court refrain from hearing an action over which it otherwise has jurisdiction "when [the] federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) affords an adequate opportunity to raise the federal claims." *Joseph A. v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal citations omitted). *Younger* abstention is jurisdictional. *D.L.,* 392 F.3d at 1228. Once the three conditions set out by the Tenth Circuit are met, abstention is mandatory. *Joseph A.*, 275 F.3d at 1267.

---

[1] Although Defendants moved to dismiss for lack of subject matter jurisdiction, they did not argue *Younger* abstention specifically. However, the Court has an obligation to raise issues of subject matter jurisdiction sua sponte. *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). The Tenth Circuit has found that *Younger* abstention is jurisdictional. *D.L.*, 392 F.3d at 1228. Thus this Court may apply *Younger* abstention sua sponte.

Should this court allow Plaintiff's claims to go forward, enjoining the relinquishment of the garnished money to the state court and declaring the funds not subject to garnishment as Plaintiff has requested in his amended complaint, this court would effectively overturn the state district court's order of interpleader in an ongoing state proceeding and reinstate Wells Fargo as a party to the action. This use of the Court's jurisdiction meets the three-part test established by the Tenth Circuit for *Younger* abstention. First, overturning the district court's order by enjoining the relinquishment of funds that has already occurred and declaring the funds not subject to garnishment, would clearly interfere with the ongoing state proceeding. Second, the Supreme Court has held that States have an important interest in enforcing the judgments and orders of their courts. *Pennzoil*, 481 U.S. at 13. As any action on the part of this Court would effectively render nugatory the state district court's order, the state's interest in enforcing its judgments and orders is implicated by Plaintiff's suit. Third, there appears to be no bar to Plaintiff's ability to raise his federal claims in the state court proceeding. Indeed, Plaintiff's federal causes of action appear to be nothing more than an attempt to immediately appeal a state court judgment with which he disagrees. While the funds in the bank account may not be subject to garnishment as he claims, this argument may be properly raised in the action currently pending in the state court or on appeal from the state court's order within the state system.

Plaintiff's sole relevant argument to the abstention issue is his contention that the state court lacks jurisdiction over the funds in the bank account because the money came from the United States government. [Plaintiff's Response at 2]. He provides no law to support his contention that the federal courts have exclusive jurisdiction to rule on the disposition of Plaintiff's property and the claims filed in his case. Indeed, it seems well settled that the state court has concurrent jurisdiction over his §1983 claims. *See, e.g., Strickland v. City of Albuquerque*, 130 F.3d 1408, 1413 (10th Cir. 1997). As to the disposition of his property, while the funds may have originated from the United States government, and may well not be subject to garnishment for that reason, Plaintiff offers no legal or logical rationale why the source of the funds would preclude the state court from exercising jurisdiction over the funds. The state court thus properly has jurisdiction over the action.

"*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met." *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999). As such, the Court concludes that under *Younger*, abstention is mandatory, leaving the Court without subject matter jurisdiction, and requiring dismissal of Plaintiff's complaint without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).[2]

   B. Defendants' Additional Arguments

   Defendants raise numerous other arguments supporting their contention that this Court may not decide Plaintiff's suit and that Plaintiff has failed to state a claim.  The Court need not address these arguments as it has already decided that *Younger* abstention applies.[3]  *Younger*

_____

   [2]Defendants request that the Court dismiss Plaintiff's claims with prejudice. [Wells Fargo Motion to Dismiss].  However, the Tenth Circuit has found "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *Brereton*, 434 F.3d at 1218.  As the Tenth Circuit has found that dismissals based on *Younger* are jurisdictional, *D.L.,* 392 F.3d at 1228, dismissal is properly without prejudice.

   [3] Defendants' arguments include substantive arguments maintaining that Plaintiff has failed to state a §1983 claim, an argument maintaining that the action is barred by res judicata, an argument that this action is not exclusively in personam and that the state court has taken jurisdiction over the disputed res, precluding subject matter jurisdiction by the federal court, and an argument for abstention under the *Colorado River* doctrine.  While, as noted above, it is unnecessary to address these arguments, it is worth briefly noting that it does not appear that this action is in fact barred by res judicata under New Mexico law, as the state court has not yet reached a final decision on the merits.  *See City of Sunland Park v. Macias*, 75 P.3d 816, 822 (N.M. App. 2003).  It is equally unclear whether the federal suit depends upon control of the garnished assets that are currently in possession of the state court, such that the state court's possession of the assets precludes the federal court's jurisdiction. *See Southwestern Bank & Trust Co. v. Metcalf State Bank*, 525 F.2d 140, 142-43 (10th Cir. 1975) (noting that concurrent jurisdiction is not possible where the actions "are of such a nature as to require possession or control of the subject matter in order to grant the relief requested; I. e., in rem actions," but finding that the federal action was in personam and thus did not preclude concurrent jurisdiction). Finally, it does not appear that the federal and state proceedings are parallel within the definition of *Colorado River* such that, the *Colorado River* abstention doctrine applies. *Colorado River* permits the district court to abstain from exercising its jurisdiction where there are parallel state court proceedings based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colorado River,* 424 U.S. at 817).   The Tenth Circuit has found that "[s]uits are parallel if substantially the same parties

abstention is jurisdictional, and the Tenth Circuit has found that a determination that this Court lacks jurisdiction over a claim under *Younger* moots any other challenge to the claim, including a different jurisdictional challenge. *D.L.*, 392 F.3d at 1228-29 (noting that the district court may decide jurisdictional issues in any order it finds convenient); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (finding that a court may decide personal jurisdiction before determining whether it has subject matter jurisdiction).  Lacking jurisdiction the Court must dismiss Plaintiff's claim without prejudice.  As the Court has reached a decision regarding Defendants' motions, Plaintiff's unnecessary Motion for a Ruling [Doc. 14] is denied as moot.

### ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant Wells Fargo's Motion to Dismiss [Doc. 5] and Defendants Carmen and Isidro Alcantars' Motion to Dismiss [Doc. 8] be, and hereby are, GRANTED and Plaintiff's Motion for a Ruling [Doc. 14] be and hereby is DENIED as moot.

BRUCE D. BLACK
United States District Judge

---

litigate substantially the same issues in different forums." *Id.* at 1081 (internal quotations omitted).  In the Tenth Circuit, whether proceedings are parallel depends upon the state proceedings as they actually exist rather than how the state proceedings could have been brought in theory. *Id.*   The claims currently before the state court are Mr. Sanchez's tort claims against Wells Fargo and the now interpled action over the garnished funds, whereas in federal court Mr. Sanchez raised §1983 claims based on the alleged violation by Wells Fargo and the Alcantars of several federal statutes.  While the issues are clearly intertwined, the actions do not appear to litigate substantially the same issues, and thus it does not appear that the proceedings are parallel for purposes of the application of the *Colorado River* abstention doctrine.